## TAYLOR, HADDEN & CO. v. SILAS F. PEARCE.

In an hypothecary action to enforce a judicial mortgage, the certificate of the Recorder, that the judgment has been recorded in his office, has the same effect as evidence, when drawn up on a duly certified copy of the judgment, as it would have on a separate and distinct paper.

The Recorder's certificate is only *prima facie* evidence of the facts stated in it, and if untrue, may be contradicted by proof.

The right of action given by Art. 69 of the Code of Practice to the mortgage creditor against the third possessor of the mortgaged property, depends, first, on the giving of notice to the third possessor, of the " amicable demand," and secondly, on the *non-payment* of the hypothecary debt by the third possessor, for the space of ten days, to be computed from the date of the service of the notice. These two conditions must be accomplished, before a right of action can be completely vested in a mortgage creditor against the third possessor ; and, consequently, any action instituted against the third possessor prior to the expiration of the ten days delay, is premature, and subject to legal exceptions.

The law has not made it the duty of Sheriffs to serve notices of amicable demand in hypothecary actions, and however convenient the practice may be, he acts in such cases as a private individual, and must be called as a witness to prove his acts, and cannot certify to them in his official capacity for the purposes of evidence.

APPEAL from the District Court of the Parish of Rapides, *Cullom, J. Canfield*, for plaintiff. *Hyman & Cuzabat*, for defendant and appellant.

LAND, J. This is an hypothecary action to enforce a judicial mortgage on a certain plantation and slaves in the possession of the defendant as third possessor of the mortgaged property.

The defendant is the appellant, and insists on the reversal of the judgment against him, on several points of law raised by his bills of exceptions in the lower court. He contends that the Judge *a quo* erred in permitting the plaintiffs to offer in evidence a copy of the judgment in their favor, certified by the Deputy Clerk of the District Court, *with the certificate* of the Recorder *thereon*, to the effect, *that said judgment had been registered* or recorded at a certain date, and in a certain book, *in his office*.

This objection was not well taken. The Recorder had authority to certify the fact, that the judgment in favor of the plaintiffs had been recorded in his office ; and his certificate of the fact, on a duly certified copy of the judgment by the District Clerk or his Deputy, had the same effect, *as evidence*, that it would have had on a separate and distinct paper. The Recorder's certificate was only *prima facie* evidence of the fact stated in it, and if untrue, the defendant had the opportunity and the privilege of contradicting it by proof. The Judge did not err in receiving the the certificate in evidence. *Hanna* v. *His Creditors*, 12 M. 32 ; *Lafarge* v. *Morgan*, 11 M. 462 ; *Cannon* v. *Labarre*, 13 La. 401 ; *Sewell* v. *Hennen*, 8 R. 216.

The defendant contends in the second place, that the ten days notice of the amicable demand mentioned in Art. 69 of the Code of Practice, should have preceded the commencement of suit, or the filing of the petition in the hypothecary action. This Article is in these words : If thirty days after the amicable demand, made from the debtor or his heirs, of the payment of an hypothecary debt, it has not been fully discharged, the creditor may bring his action against the third possessor of the property hypothecated to him, to have it seized and sold ; if that possessor have not, within the ten days, after having been notified of such a de-

mand, paid the amount of the hypothecary debt, including the interest and costs.

The phraseology of this Article is not susceptible of two different constructions. The right of action which it gives to the mortgage creditor against the third possessor of the mortgaged property, is made to depend, first, on the giving of notice to the third possessor of the "*amicable demand*," and secondly on the *non-payment* of the hypothecary debt by the third possessor for the space or term of ten days to be computed from the date of the service of the notice. These two conditions must be accomplished before a right of action can be completely vested in a mortgage creditor against the third possessor of the hypothecated property, and consequently any action instituted against the third possessor prior to the expiration of the ten days delay, would be premature, and subject to legal exceptions.

Although this point of law, is with the defendant, yet the evidence satisfied the District Judge, and also satisfies us, that notice of the amicable demand, was given to the defendant, for more than ten days prior to the institution of this action. The letter of the defendant is certainly an acknowledgement of the receipt of the notice written and sent to him, by the plaintiff's attorney. Both of these letters are in the record ; and the date and contents of the defendant's reply can leave no reasonable doubt on the mind, of the fact that the notice had been received by him more than ten days before this suit was commenced.

It appears that notice of the amicable demand was also served in this case, by the Sheriff on the defendant ; and the question has been elaborately argued by counsel, whether the Sheriff's return is sufficient and legal evidence of the fact of service. The law has not made it the duty of Sheriffs, to serve notices of amicable demand in hypothecary actions, and however convenient the practice may be, he acts in such cases as a private individual, and must be called as a witness to prove his acts, and cannot certify to them in his official capacity, for the purposes of evidence.

For the reason stated, it is ordered, adjudged and decreed, that the judgment of the lower court be affirmed with costs.